IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:18-cr-30058-DWD-1 |
| | ) |
| DARREN HALL, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Now before the Court are Defendant's *pro se* Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821, Part A (the "821 Motion") (Doc. 74) and Motion to Appoint Counsel. (Doc. 75). The Court has reviewed Defendant's request for a sentence reduction in light of the applicable law, and finds Defendant is not entitled to relief under Amendment 821.

### Motion to Appoint Counsel

As a preliminary matter, the Court first addresses Defendant's Motion to Appoint Counsel (Doc. 75). The Seventh Circuit has made it clear that prisoners who seek lower sentences under 18 U.S.C. § 3582(c)(2), as is the case here, are not entitled to appointed counsel at public expense. *See United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021); *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013). Accordingly, the Motion to Appoint Counsel is **DENIED**.

## Background

On March 30, 2018, Defendant pled guilty to conspiracy to structure financial transactions and possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. §§ 371 and 922(g)(1). (Doc. 5). According to the Presentence Investigation Report, Defendant had a total offense level of 23 and a criminal history category of V, providing a guideline range of 60 months of imprisonment on Count 1 and 84 to 104 months of imprisonment on Count 2. (Doc. 12). On July 20, 2018, Defendant was sentenced by District Judge David R. Herndon to a term of imprisonment of 60 months on Count I, and 70 months on Count 2, to be served concurrently, to be followed by a 3-year term supervised release. (Doc. 23).

On February 2, 2024, the undersigned revoked Defendant's term of supervised release and sentenced him to an aggregate term of 44 months of imprisonment. (Doc. 59). Defendant appealed. (Doc. 64). On October 28, 2024, the Seventh Circuit Court of Appeals issued a mandate and order dismissing Defendant's appeal. (Docs. 81, 81-1).

## Discussion

Defendant appears to contend that he is eligible for a reduction of sentence under Part A of Amendment 821, which amended U.S.S.G. § 4A1.1(e) and concerns criminal history points awarded because a defendant was under a criminal sentence when he committed his offense of conviction. However, Amendment 821 and § 1B1.10 only apply to potentially reduce an original sentence, not, as here, a sentence imposed after the revocation of supervised release. U.S.S.G. § 1B1.10 cmt. 8(A) ("Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under

this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release."). Thus, a reduction of Defendant's sentence would be inconsistent with the applicable policy statements and would not be authorized by 18 U.S.C. § 3582(c)(2).

Notably, even if setting aside the limitations of § 1B1.10, Defendant would not be entitled to relief under Amendment 821.[1] Under the retroactive amendment to § 4A1.1, Defendant would have received 9 criminal history points instead to 10, resulting in a criminal history category of IV, and a range of 24 to 30 months of imprisonment under U.S.S.G. § 7B1.4(a). When sentencing Defendant following revocation of his supervised release, the Court used the criminal history category of V, which provided a guideline range of 30 to 37 months of imprisonment. However, even if the Court had used the amended criminal history category of IV, it would have resulted in the same effective range of 24 to 30 months of imprisonment. This is because the statutory maximum for both counts of Defendants' conviction under 18 U.S.C. § 3583(e)(3) was 24 months. *See* U.S.S.G. §§ 7B1.4(b)(1), (b)(3)(A); *see also United States v. Hall*, No. 24-1239, 2024 WL 4403921, at *1 (7th Cir. Oct. 4, 2024) ("Hall did not stand to benefit from any of the recent amendments to the Guidelines, such as Amendment 821 (which requires judges to add only one point—instead of two—to the criminal history score of a defendant like Hall who committed an offense while under a criminal justice sentence) . . . given that Hall's sentence is limited by the 24-month statutory maximum."). Accordingly, notwithstanding

---

[1] In its revised calculations of Defendant's sentence under Amendment 821, the United States Probation Office also found Defendant was not eligible for a reduction of his revocation sentence.

§ 1B1.10, Defendant would not be eligible for a sentence reduction under Amendment 821.

## Conclusion

Consistent with the above, Defendant's *pro se* Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821, Part A (the "821 Motion") (Doc. 74) and Motion to Appoint Counsel (Doc. 75) are **DENIED**.

**SO ORDERED.**

Dated: November 7, 2024

_____
DAVID W. DUGAN
United States District Judge